UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| RICHARD BUONOPANE, individually and on behalf of all others similarly situated, | § § § § | Docket No. |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| vs. | § § | COLLECTIVE ACTION |
| REPUBLIC SERVICES, INC., | § § § | PURSUANT TO 29 U.S.C. § 216(b)/ RULE 23 CLASS ACTION |
| Defendant. | § | |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Plaintiff Richard Buonopane ("Buonopane" or "Plaintiff") files this Original Collective Action Complaint against Defendant Republic Services, Inc. ("Republic" or "Defendant") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New Mexico Minimum Wage Act, NMSA § 50-4-19, *et seq.*, ("NMMWA").

2.  Buonopane and the other Solids Control Consultants like him regularly worked for Republic in excess of 40 hours each week without overtime compensation.

3.  Instead of paying overtime as required by the FLSA, Republic improperly classified Buonopane and those similarly situated as independent contractors, paying them a day rate with no overtime compensation.

4.  The Parties previously discussed this class and agreed to toll the Statue of Limitations as of April 6, 2018 through the present for the Putative Class Members to an impasse was declared, which is as a result of the fling of this Original Complaint.

## JURISDICTION & VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. §1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. §1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Republic resides in this District and Division because it does substantial business in the Pittsburgh area. Further, Republic regularly receives workers from Tier One, LLC d/b/a Tier 1 Rental and Distribution, which maintains its headquarters in Pittsburgh. Thus, Republic has sufficient contacts with Pittsburgh to be subject to this Court's personal jurisdiction.

## PARTIES

8. Buonopane worked for Republic from approximately June 2017 to September 2017.

9. Throughout his employment with Republic, he was paid a daily rate with no overtime compensation and was classified as an independent contractor.

10. The relationship between Buonopane and Republic rises to the level of an employee-employer relationship.

11. For example, Republic dictated Buonopane's rate of pay.

12. Republic set Buonopane's schedule.

13. Republic decided Buonopane's work locations.

14. Republic required Buonopane to follow its policies and procedures

15. Republic directly and/or indirectly prevented Buonopane from working for other employers while working for Republic.

16. Republic precluded Buonopane from subcontracting his work at Republic.

17. Republic did not provide unique services indicative of a third-party contractor.

18. Buonopane is a Solids Control Consultant.

19. His written consent is attached as <u>Exhibit A</u>.

20. Buonopane brings this action on behalf of himself and all other similarly situated oilfield workers who were classified as independent contractors and paid under Republic's day rate system with no overtime compensation. Republic paid each of these workers a day rate and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated welders or potential class members sought to be certified is defined as follows:

> **All current and former Solids Control Consultants who were (1) classified as independent contractors by Republic Services, Inc.; (2) paid a day rate; and (3) performed work for Republic Services, Inc. during the past three years.**

21. Plaintiff seeks conditional certification of such a class under 29 U.S.C. § 216(b).

22. In part, Plaintiff worked in New Mexico for Republic. As a result, he seeks class certification under FED. R. CIV. P. 23 for the NMMWA claims of the following class:

> **All current and former Solids Control Consultants in New Mexico who were (1) classified as independent contractors by Republic Services, Inc.; (2) paid a day rate; and (3) performed work for Republic Services, Inc. during the past three years.**

23. The FLSA class members and New Mexico class members are referred to together as "Putative Class Members."

24. Defendant Republic is an Arizona company doing business throughout the United States, including in this District. Republic may be served by serving its registered agent for service of process, C.T. Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## FLSA COVERAGE

25. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

26. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). For example, Republic's employees use trucks, computers, phones, and other equipment that has moved in or was produced for commerce.

28. At all times hereinafter mentioned, Buonopane and the Putative Class Members were similarly situated welders and engaged in commerce or in the production of goods for commerce.

29. As will be shown through this litigation, Republic treated Buonopane (and all Solids Control Consultants) that it classified as independent contractors and paid a day rate without overtime compensation.

30. Republic's misclassification of Buonopane and the Solids Control Consultants as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

## FACTS

31. Republic is a "waste remediation services company" and boasts that "Operators in every major basin nationwide trust Republic Services to handle their mission-critical oilfield waste treatment, recovery, disposal and logistics." *See* Energy Waste Remediation Services, https://www.republicservices.com/businesses/energy (last visited March 84, 2019).

32. In order to provide a part of these services to the oil and gas industry, Republic hires Solids Control Consultants.

33. Many of these individuals worked for Republic on a day rate basis without overtime and were classified as independent contractors.

34. Buonopane and the Putative Class Members worked for Republic under this pay scheme.

35. Buonopane and the Putative Class Members worked for Republic as Solids Control Consultants.

36. Buonopane and the Putative Class Members received a day rate.

37. Buonopane and the Putative Class Members did not receive a salary.

38. Buonopane and the Putative Class Members did not receive overtime pay.

39. Buonopane and the Putative Class Members performed manual labor for Republic, which is a nonexempt job duty.

40. Buonopane and the Putative Class Members are subjected to the same or similar pay practices for similar work.

41. Buonopane and the Putative Class Members worked overtime for Republic.

42. Buonopane and the Putative Class Members often worked at least 12 hours a day, often 7 days a week.

43. Without the job performed by Buonopane and the Putative Class Members, Republic would not be able to complete its business objectives.

44. Buonopane and the Putative Class Members rely on Republic for work and compensation.

45. Buonopane and the Putative Class Members are not permitted by Republic to subcontract out the work they are assigned to do by Republic.

46. Buonopane and the Putative Class Members work in accordance with the schedule set by Republic.

47. Buonopane and the Putative Class Members must follow Republic policies and procedures.

48. Buonopane and the Putative Class Members' work must adhere to the quality standards put in place by Republic.

49. Buonopane and the Putative Class Members did not substantially invest in the tools required to complete the overall jobs to which they were assigned.

50. Buonopane and the Putative Class Members did not possess any specialized or unique skill set.

51. Buonopane and the Putative Class Members were blue collar workers.

52. Buonopane and the Putative Class Members did not market their services, while employed by Republic.

53. Buonopane and the Putative Class Members worked exclusively for Republic.

54. Buonopane and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

55. Republic set Buonopane and the Putative Class Members' rates of pay, work schedule, and prohibited them from working other jobs for other companies while working on jobs for Republic.

56. Very little skill, training, or initiative was required of Buonopane and the Putative Class Members to perform their job duties.

57. Republic required Buonopane and the Putative Class Members to work substantial overtime without overtime compensation.

58. Republic classified Buonopane and the Putative Class Members as exempt from the overtime requirements, as independent contractors.

### FLSA AND NMMWA VIOLATIONS

59. As set forth herein, Republic violated the FLSA and NMMWA by failing to pay

60. Buonopane and the Putative Class Members overtime under the day rate system for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a); NMSA § 50-4-22.

61. Republic knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Buonopane and the Putative Class Members proper overtime compensation.

62. Republic's failure to pay overtime compensation to Buonopane and the Putative Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

63. Republic, through its acquired entity Tervita, has been in litigation over the proper classification of Solids Control Consultants previously.

64. Republic has first hand knowledge that Solids Control Consultants are employees and should be paid hourly and overtime.

65. Accordingly, Buonopane and the Putative Class Members are entitled to overtime wages under the FLSA and NMMWA in an amount equal to 1 and ½ times their rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b); NMSA § 50-4-26.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

66. Buonopane incorporates all previous paragraphs and alleges that the illegal pay practices Republic imposed on him were likewise imposed on the Putative Class Members.

67. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NMMWA.

68. Numerous other individuals who worked with Buonopane indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and/ or federal wage laws.

69. Based on his experiences and tenure with Republic, Buonopane is aware that Republic's illegal practices were imposed on the Putative Class Members.

70. The Putative Class Members were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of 40 hours per week.

71. Republic's failure to pay wages and overtime compensation at the rates required by the FLSA and NMMWA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

72. Buonopane's experiences are therefore typical of the experiences of the Putative Class Members.

73. The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

74. Buonopane has no interests contrary to, or in conflict with, the Putative Class Members. Like each member of the proposed classes, Buonopane has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

75. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

76. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Republic will reap the unjust benefits of violating the FLSA and NMMWA.

77. Furthermore, even if some of the Putative Class Members could afford individual litigation against Republic, it would be unduly burdensome to the judicial system.

78. Concentrating the litigation in one forum will promote judicial economy and parity

among the claims of individual members of the classes and provide for judicial consistency.

79. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    (a) Whether Republic employed the Putative Class Members within the meaning of the FLSA and NMMWA;

    (b) Whether the Putative Class Members were exempt from overtime;

    (c) Whether the Putative were not paid overtime at one and one half their regular rate of pay;

    (d) Whether Republic's decision to not pay overtime to the Putative Class Members was made in good faith; and

    (e) Whether Republic's violation of the FLSA was willful.

80. Buonopane's claims are typical of the Putative Class Members claims. Buonopane and the Putative Class Members Class Members have sustained damages arising out of Republic's illegal and uniform employment policy.

81. Buonopane knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

82. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### JURY DEMAND

83. Buonopane demands a trial by jury.

### RELIEF SOUGHT

84. WHEREFORE, Buonopane prays for judgment against Republic as follows:

    (a) For an order certifying class action(s) under Rule 23 for the purposes of the claims under New Mexico law;

(b) For an order certifying this case as a collective action for the purposes of the FLSA claims;

(c) For an order finding Republic liable for violations of state and federal wage laws with respect to Buonopane and all Putative Class Members covered by this case;

(d) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Buonopane and all Putative Class Members covered by this case;

(e) For a judgment awarding Buonopane and all Putative Class Members covered by this case their costs of this action;

(f) For a judgment awarding Buonopane and all Putative Class Members covered by this case their attorneys' fees;

(g) For a judgment awarding Buonopane and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(h) For a judgement awarding such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
**Michael A. Josephson**
PA Bar No. 308410
**Andrew W. Dunlap**
State Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**