## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

RICHARD BUONOPANE, individually and
on behalf of all others similarly situated,

v.

REPUBLIC EES, LLC

**Docket No. 2:19-CV-00296-CRE**

JURY TRIAL DEMANDED

FLSA COLLECTIVE ACTION
PURSUANT TO 29 U.S.C. § 216(b)

## ORDER GRANTING PLAINTIFF'S UNOPPOSED
## MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT

Before the Court in the above-entitled case is the Plaintiff's Unopposed Motion to Approve

Collective Action Settlement (the Motion). The Motion and appended documents confirm that the

settlement is as to claims under 29 U.S.C. § 216(b), and that the state class claims asserted under Fed.

R. Civ. P. 23 will be voluntarily dismissed. The Court has reviewed the Motion, terms of the

Settlement, the pleadings in this case, and the issues presented therein, and hereby:

1.      Approves the Settlement, including all of the terms set forth in the Settlement

Agreement attached as <u>Exhibit 1</u> to the Motion.

2.      Approves the following defined group of claimants for purposes of the settlement

notice process:

> **Solids Control Consultants who were referred to Republic EES, LLC
> (Republic) by Tier One, LLC (Tier One) and/or DWM Consulting
> LLC (DWM) to perform work on behalf of Republic, who worked
> more than 40 hours in a workweek while being paid a day rate by
> Tier One and/or DWM from October 15, 2015 to March 18, 2019.**

3.      Plaintiff Richard Buonopane is appointed as Class Representative for settlement

purposes only.

4.      Andrew W. Dunlap, Michael A. Josephson, and Taylor A. Jones of Josephson Dunlap, LLP and Richard J. (Rex) Burch of Bruckner Burch PLLC are appointed as Class Counsel for settlement purposes only.

5.      The Parties are approved as joint Settlement Administrators of the claim and dispute resolution process described in the Settlement Agreement.

6.      The substance and dissemination of the Notice and Claim Form and Substitute W-9, as appended to the Motion, satisfy the requirements of 29 U.S.C. § 216(b), and therefore the Notice and Claim Form and Substitute W-9 are approved.

7.      Plaintiff and all Class Members who "opt in" to this action because they timely submit Consent and Substitute W-9 Forms pursuant to 29 U.S.C. § 216(b) are forever barred from bringing or presenting any action or proceeding against Republic (as defined in the Settlement Agreement) that involves or asserts any of the claims released in the Settlement Agreement and are deemed to have released and forever discharged Republic (as defined in the Settlement Agreement) from all released claims.

8.      All claims against Republic in this action will upon the conclusion of the settlement administration be dismissed with prejudice to the extent provided in the Settlement Agreement.

9.      Within 30 days of the end of the opt-in period, the Parties will file a joint stipulation of dismissal with prejudice and entry of final judgment as to claims asserted under 29 U.S.C. § 216(b) and as to those persons and claims as identified in paragraph 7 above.

10.     Without affecting the finality of such judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment, and the Settlement Agreement and all matters ancillary to the same.

11.     This Order and the Settlement Agreement are not evidence of, or an admission or concession on the part of Republic, with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

12.     The finding and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass or for any other purpose in any other action.

13.     Neither the Settlement Agreement now any ancillary documents, actions, statements, or filings in furtherance of this settlement (including matters associated with the mediation) will be admissible into evidence in any action related or similar to this one for the purposes of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

14.     Pursuant to Fed. R. Civ. P. 23(e), and upon consideration of the Motion and ancillary documents, the Court concludes that neither notice nor a hearing is required before entering this Order because, under the Settlement Agreement, no person who does not "opt in" to this case under 29 U.S.C. § 216(b) will be bound by this Order or the Settlement, nor will their rights be extinguished.

It is so ORDERED.

_2/7/2020_____
**DATE**

_____
**HONORABLE CYNTHIA R. EDDY**
**UNITED STATES MAGISTRATE JUDGE**